Local AO 472 (Rev. 5/19)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| Plaintiff, ) | ORDER OF DETENTION PENDING TRIAL |
| ) | |
| vs. ) | Case No. 3:21-mj-521 |
| ) | |
| Nicholas Derosier, ) | |
| Defendant. ) | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that the following facts require the detention of the defendant.

### PART I – FINDINGS AND CONCLUSIONS

☐ **Alternative A –** The Court finds:
- ☐ (1) (a) There is probable cause to believe that defendant has committed an offense listed in 18 U.S.C. § 3142(e)(3), **or**
- ☐ (b) Defendant is charged with an offense listed in 18 U.S.C. § 3142(f), and has been convicted of an offense described in 18 U.S.C. § 3142(e)(2); **and**
- ☐ (2) (a) Defendant has not presented sufficient evidence to rebut the presumption above, and detention is ordered on that basis, **or**
- ☐ (b) Defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

☑ **Alternative B –** The Court finds one or more of the following:
- ☐ (1) The Government has proved by preponderance of the evidence that no condition or combination of conditions will reasonably assure defendant's appearance.
- ☑ (2) The Government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably ensure the safety of other persons or the community.
- ☐ (3) The Government has proved by a preponderance of the evidence that there is a serious risk that defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

☐ **Alternative C –** The Court finds one of the following:
- ☐ (1) Defendant does not contest detention at this time.
- ☐ (2) Defendant is not eligible for release at this time.
- ☐ (3) Defendant shall remain in custody until a residential reentry placement is available.

### PART II – WRITTEN STATEMENT OF REASONS FOR DETENTION

See Attached Written Statement of Reasons for Detention

### PART III – DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States marshal for the purpose of an appearance in connection with court proceedings.

Date: January 7, 2022          /s/ Alice R. Senechal
                               United States Magistrate Judge

## PART II – WRITTEN STATEMENT OF REASONS FOR DETENTION

A complaint charges Nicholas Derosier with three crimes: possession of child pornography, receipt and distribution of child pornography, and travel with intent to engage in illicit sexual conduct. The United States moved for his detention pending conclusion of the case. The court held a detention hearing on January 4, 2022. During that hearing, the United States proffered evidence from affidavits supporting applications for search warrants related to its investigation. Because those affidavits had not yet been provided to defense counsel, the court continued the hearing and reconvened on January 6, 2022, after defense counsel had reviewed that evidence.

Because of the nature of the charge against Derosier, 18 U.S.C. § 3142(e)(3)(E) provides a presumption of detention. To rebut the presumption, Derosier argued he had proposed a suitable release plan—to reside with his partner, who would act as third-party custodian, in a condominium they own in Fargo, North Dakota, with location monitoring and home confinement. The United States, however, proffered evidence that Derosier and his partner were behind on contract-for-deed payments on the condominium, that condominium fees were in arrears, and that Derosier had not submitted to the background check required by the condominium association. The United States also contended the conditions Derosier proposed would not inhibit his internet access and so would not prevent him from engaging in possession or distribution of child pornography.

The United States proffered evidence that had been seized when various search warrants were executed, including evidence that a cell phone seized from Derosier's person contained thousands of pornographic or sexually suggestive images of children. The United States also proffered evidence of Derosier having sexually abused children in the past, including members of his family.

The pretrial services report identifies two outstanding warrants issued by Minnesota state courts for Derosier's failure to appear. Derosier proffered that his failures to appear were attributable to pandemic-related changes in court schedules. The pretrial services report shows Derosier was convicted of fraud in connection with his contracting business and had violated court orders prohibiting him from operating that business.

Prior to being charged in this court, Derosier had been charged with child pornography crimes in state court and had been released on bond. He asserted he had followed conditions of that bond and doing so demonstrated he would follow conditions of release ordered by this court.

Even if, as Derosier contends, his proposed release plan is considered sufficient to rebut the § 3142 presumption, the presumption remains a consideration. Having considered all proffered evidence together with the presumption, the court finds clear and

convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community or of other persons if Derosier were released.